[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2011
JOHN LEY
CLERK

No. 11-10964
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00101-EAK-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ECKHOFF,
a.k.a. Richard Elias Eckhoff,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 10, 2011)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Richard Eckhoff appeals his sentence of 262 months of imprisonment for two counts of producing child pornography, 18 U.S.C. § 2251(a), one count of receiving child pornography, id. § 2252(a)(2), and one count of possessing child pornography, id. § 2252(a)(4)(B). Eckhoff argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion by sentencing Eckhoff to a term of imprisonment at the low end of the advisory guideline range. Eckhoff persuaded a 16 year old girl to transmit repeatedly live video footage of her naked body. Later, Eckhoff attempted to convince the girl to delete from her computer the messages and pictures sent from Eckhoff and to tell federal investigators that Eckhoff had not seen her naked. Eckhoff also induced two sisters, when they were between the ages of 15 and 17, each to email photographs of themselves in sexually explicit poses and to participate in sexually explicit online conversations. Investigators discovered on Eckhoff's computer more than 600 images of child pornography, including images that Eckhoff had downloaded from a child pornography website that portrayed children in bondage and being assaulted sexually. At sentencing, the district court acknowledged Eckhoff's lack of prior criminal record, his "immaturity" and "difficulty in having social relationships," and the care he had provided for his parents, but the district court found those

factors were outweighed by Eckhoff's decision to "manipulate" for years his victims for his "own sexual gratification" and "literally destroy . . . their lives" to the point that one victim "[c]onsidered suicide." The district court reasonably determined that a sentence of 262 months of imprisonment was necessary to address the seriousness of Eckhoff's offenses, provide adequate punishment, protect the public, and deter future similar crimes. See 18 U.S.C. § 3553(a). We reject as preposterous Eckhoff's argument that he deserved a lesser sentence because he "[n]ever me[t] with any of [his] victims in person[] or . . . [had] sex with any of the alleged victims." Eckhoff's sentence is reasonable.

We **AFFIRM** Eckhoff's sentence.